# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:04CV310-C

| | |
|---|---|
| RAYMOND L. HAMMOND, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND ORDER** |
| HOME DEPOT, USA, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the Defendant's "Motion to Transfer Venue to the United States District Court for the Northern District of Georgia" (document #4) and "Memorandum ... in Support ..." (document #5), both filed July 29, 2004; and the "Plaintiff's [Opposition to] Defendant's Motion to Transfer Venue" (document #6) filed August 12, 2004. On August 29, 2004, the Defendant filed its "Reply ..." (document #7).

On June 29, 2005, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Defendant's motion is now ripe for the Court's consideration.

Having fully considered the arguments of counsel, the record, and the applicable authority, the undersigned will <u>grant</u> the Defendant's "Motion to Transfer Venue to the United States District Court for the Northern District of Georgia," for the reasons discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 26, 2004, the Plaintiff, Raymond L. Hammond, a citizen and resident of Palm Harbor, Florida, filed his Complaint in Mecklenburg County Superior Court against Defendant Home Depot, USA, a Delaware corporation with its principal place of business in Atlanta, Georgia, alleging North Carolina state law claims related to breach of an "Installer Contract" and seeking more than $75,000 in damages.

On June 25, 2004, the Defendant removed the state court action to the United States District Court for the Western District of North Carolina, alleging federal diversity subject matter jurisdiction. Removal has not been challenged and appears proper.

On July 29, 2004, the Defendant filed its "Motion to Transfer Venue to the United States District Court for the Northern District of Georgia" (document #4), where its headquarters is located. In support of its motion, the Defendant contends, and the Plaintiff has not disputed, that no part of the Installer Contract was to be performed in this District, or in the State of North Carolina for that matter; that none of the alleged acts or omissions that are the subject of the Complaint occurred, there are no witnesses residing, and no documentary or other evidence is located here; that the meetings, witnesses, and documents that are "critical" to the parties' dispute occurred, reside, or are located, respectively, in the Northern District of Georgia; and that a comparison of docket congestion favors the Northern District of Georgia over the Western District of North Carolina.[1] Finally, the Defendant points out that the Installer Contract contains a Georgia choice of law provision.

In his Response, the Plaintiff argues that his choice of forum and the fact that his counsel is located in Charlotte, North Carolina, are sufficient to retain venue in this District.

The Defendant's motion has been fully briefed as set forth above and is, therefore, ripe for determination.

## II. DISCUSSION OF CLAIMS

The Defendant neither contests personal jurisdiction in North Carolina nor contends that venue is improper in this District; rather, it has moved for transfer to the United States District Court for the Northern District of Georgia under 28 U.S.C. §1404(a), that is, for the "convenience of the

---

[1] According to statistics published by the Administrative Office of the United States Courts, in 2003, the median time from filing to disposition in civil cases was 9.3 months in the Northern District of Georgia, compared to 10.8 months for the Western District of North Carolina.

2

parties" and "in the interest of justice."

Pursuant to 28 U.S.C. §1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Supreme Court has noted that this provision is:

> intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under §1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.

Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quotations and citations omitted).

The factors commonly considered in deciding a transfer of venue motion include:

1. The plaintiff's initial choice of forum;
2. The residence of the parties;
3. The relative ease of access of proof;
4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;
5. The possibility of a view;
6. The enforceability of a judgment, if obtained;
7. The relative advantages and obstacles to a fair trial;
8. Other practical problems that make a trial easy, expeditious, and inexpensive;
9. The administrative difficulties of court congestion;
10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and
11. The avoidance of unnecessary problems with conflict of laws.

See, e.g., AC Controls Co. V. Pmoeroy Computer Resources, Inc., 284 F.Supp. 2d 357, 362-63 (W.D.N.C. 2003) (considering factors and transferring venue); Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F.Supp.2d 357, 364 (W.D.N.C. 2003) (where neither party resided in district, transfer was warranted, despite plaintiff's choice of forum); Rice v. BellSouth Advertising & Pub. Corp., 240 F.Supp.2d 526, 529 (W.D.N.C.2002) ("[a] court should analyze each of these factors both quantitatively and qualitatively"); D.P. Riggins & Associates, Inc. v. American Board Companies, Inc., 796 F.Supp. 205, 211-12 (W.D.N.C. 1992); Uniprop Mfrd. Housing Communities Income Fund v. Home Owners Funding Corp. of America, 753 F.Supp. 1315, 1322 (W.D.N.C. 1990); and

McDevitt & Street Co. v. Fidelity & Deposit Co. of Md., 737 F.Supp. 351, 354 (W.D.N.C.1990).

Concerning the first factor, although generally a plaintiff's choice of forum should not lightly be disturbed, where he "chooses a ... forum [where no party resides] and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight." Verosol B.V. v. Hunter Douglas, Inc., 806 F.Supp. 2d 582, 592 (E.D. Va. 1992) (transferring venue). Accord Nutrition & Fitness, Inc., 264 F.Supp.2d at 364 (where neither party resided in district, transfer was warranted, despite plaintiff's choice of forum).

Applying the remaining factors, only two, possibility of a view and enforceability of a judgment, appear to be either neutral or inapplicable, while the remaining factors favor transferring venue to the Northern District of Georgia. Indeed, the residences of the parties strongly favors transfer, that is, for these purposes, neither party resides in this District, while the Defendant resides in Atlanta, Georgia, where the United States District Court for the Northern District of Georgia sits. Moreover, as the Defendant points out, the distance from the Plaintiff's residence in Palm Harbor, Florida to Atlanta (471 miles) is considerably less than the distance between Palm Harbor and Charlotte (598 miles).

Similarly, critical witnesses and evidence reside in or are located in the Northern District of Georgia, while, as the Plaintiff concedes, none are present in this District. Moreover, there is no indication in the record that non-party witnesses or evidence are in any other location that would favor retaining venue in the Western District of North Carolina, that is, outside both districts but closer to Charlotte than Atlanta. Based on the foregoing, the undersigned finds that the factors relating to convenience and the cost of obtaining the attendance of witnesses, the ease of access to sources of proof, the availability of compulsory process, and otherwise eliminating obstacles to a fair trial favor transfer.

For the same reasons, even if transfer to the Northern District of Georgia might increase the

Plaintiff's expenses in the form of his counsel's travel expenses, because it is clear that transfer would reduce expense and inconvenience of the overall litigation, that is, expenses and other litigation-related "head-aches" to both parties and to non-party witnesses, the analysis of the cost of litigation favors transfer. Accord Jim Crockett Promotions, Inc., v. Action Media Group, Inc., 751 F. Supp. 93, 97 (W.D.N.C. 1990) (transferred venue because, among other reasons, trial in District of New Jersey where defendant's headquarters and the majority of witnesses and documentary evidence were located "would require less total expense").[2]

Concerning the factors related to conflicts of laws and the appropriateness of having a diversity action tried in a forum that is "at home" with the governing state law, where, as here, there is an uncontested Georgia choice of law provision, these factors favor transfer as well.

Finally, as noted above, statistical evidence concerning the civil dockets in the respective districts favors transfer to the Northern District of Georgia.

In short, where both parties are citizens of other states and this cause of action bears no connection to North Carolina or this District other than that Plaintiff's counsel practices here, and the Defendant seeks transfer to the district where it maintains its headquarters, where the events that are at issue herein occurred, and where the majority, if not all, of the non-party witnesses and evidence are located, the undersigned will grant the Defendant's motion and transfer venue.

---

[2] To the extent that the Plaintiff contends that transfer of venue would result in inconvenience to his counsel as a factor to be analyzed separately from the costs of litigation and convenience of the parties and witnesses, courts considering the issue have consistently held that convenience to counsel is not a factor to be considered in transfer of venue analysis. Accord In re Volkswagen, AG, 371 F.3d 201, 206 (5th Cir. 2004) (district court erred in considering convenience of counsel); Cognitronics Imaging Systems, Inc. v. Recognition Research, Inc., 83 F.Supp.2d 689, 698 (E.D. Va. 2000) ("convenience to counsel is not an appropriate matter for consideration in resolving the appropriateness of a motion to transfer venue"); and Nelson v. Soo Line R.R., 58 F. Supp. 2d 1023, 1027 (D. Minn. 1999) ("it is axiomatic that convenience to plaintiff's counsel is not a factor to be considered in deciding the propriety of transfer").

## III. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED**:

1. The Defendant's "Motion to Transfer Venue to the United States District Court for the Northern District of Georgia" (document #4) is **GRANTED**, and this matter is hereby **TRANSFERRED** to the Northern District of Georgia.

2. The Clerk is directed to send the instant file, including this Memorandum and Order, to the Clerk of Court for the Northern District of Georgia.

3. The Clerk is further directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED, ADJUDGED AND DECREED.**

**Signed: August 11, 2005**

*Carl Horn, III*
Carl Horn, III
United States Magistrate Judge